IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JODIE COLLINS III,<br>*Plaintiff* | § § § § | |
| -vs- | § § | SA-25-CV-00089-XR |
| CHASE BANK, N.A.,<br>*Defendant* | § § § § | |

### ORDER ON MOTION FOR MORE DEFINITE STATEMENT

On this date, the Court considered Defendant's Motion for More Definite Statement (ECF No. 5), *pro se* Plaintiff Jodie Collins III's response (ECF No. 6), and Defendant's reply (ECF No. 10). After careful consideration, the Court **GRANTS** the motion.

### BACKGROUND

**I. Facts**

On January 23, 2025, Plaintiff sued Chase Bank[1] for an alleged dishonored check and denial of credit application. ECF No. 1 at 1–2.

**Dishonored Check.** Plaintiff alleges that on December 21, 2024, he issued a $100,000 check from Account No. 761636086 to a contractor for services rendered. *Id.* ¶ 5. He claims that Defendant "dishonored" the check, despite sufficient collateral and prior agreements guaranteeing the account's solvency. *Id.* ¶ 6. Plaintiff asserts he sent two notices to Defendant—(i) a Notice of Dishonored Check and Breach of Agreement on December 30, 2024 and (ii) a Second Notice Regarding Dishonored Check on January 6, 2025—but that Defendant "failed to adequately address these notices." *Id.* ¶ 8.

---

[1] Defendant notes that its proper name is JPMorgan Chase Bank, N.A, not Chase Bank, N.A. ECF No. 10 at 1.

**Denial of Credit Application**. Plaintiff alleges that on December 3, 2024, he applied for $80,000 in consumer credit to finance a vehicle purchase. *Id.* ¶ 9. He claims he provided "tender as security collateral" under the "terms submitted," but that Defendant denied the application without issuing notices or explanation. *Id.* ¶¶ 10–11. Plaintiff asserts he sent three notices to Defendant—(i) a Notice of Denied Credit Application and Potential Consumer Rights Violation on December 30, 2024, (ii) a Second Notice Regarding Denied Credit Application on January 6, 2025, and (iii) a Final Notice of Intent to Pursue Legal Remedies—but that Defendant again "failed to adequately address these notices." *Id.* ¶¶ 12–13.

## II.  Procedural History

On January 23, 2025, Plaintiff sued Defendant for (i) breach of contract, (ii) violation of the Uniform Commercial Code ("UCC") Section 3–401, (iii) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and (iv) violation of "Consumer Protection Laws." ECF No. 1.

He claims that Defendant's failure to honor his check and apply his collateral for vehicle financing is a breach of contract and violation of the UCC. *Id.* at 2–3. That Defendant's failure to explain its denial of credit violates the ECOA. *Id.* at 2. And that Defendant's "deceptive practices," violates unnamed "state and federal consumer protection statutes." *Id.* at 3.

Plaintiff seeks $2,805,949.50 in damages, including compensatory damages, attorney's fees and costs, punitive damages, and equitable relief. *Id.* at 3. Included in this calculation is $1,860,000 in punitive damages and $15,000 in attorney's fees, even though Plaintiff is *pro se*. *Id.*

## III.  Motion for More Definite Statement

Defendant asserts that Plaintiff's complaint falls "woefully short of federal pleading requirements"—both to the factual basis and theories of recovery—and prevents Defendant from

"forming any meaningful response." ECF No. 5 at 1. Defendant claims that given their size, they will be "left with a scavenger hunt" to identify the factual basis for Plaintiff's complaint.

With respect to the allegedly dishonored check, Defendant argues that Plaintiff failed to attach, much less specify "where, how, or to whom" he sent the two notices to Defendant. *Id.* at 2. And that merely stating that Defendant "failed to adequately address these notices," without explaining *how* the responses were allegedly deficient, is insufficient.

With respect to the alleged denial of credit, Defendant argues that Plaintiff likewise did not attach nor specify "where, how, or to whom" he submitted the credit application. *Id.* Defendant also claims that Plaintiff failed to explain what collateral he put up, what terms were "submitted," and the specifics of the three notices. *Id.*

Defendant also argues Plaintiff has not explained what agreements were breached and how, what notifications or explanation was required, how Defendant failed to comply with the UCC, and which "Consumer Protection Laws" were violated. *Id.* at 2–3. On top of any explanation of his damage calculation. ECF No. 10 at 2.

Plaintiff disagrees, claiming his Complaint meets Rule 8. ECF No. 6.

## **DISCUSSION**

### I. **Legal Standard**

Rule 12(e) of the Federal Rules of Civil Procedure permits a defendant to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The movant "must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). Unlike a Rule 12(b)(6) motion, a Rule 12(e) motion is committed to the sound discretion of a trial judge. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

Rule 12(e) motions are "generally disfavored," and "granted only when a pleading is so 'barren of specifics,' that the opposing party is unable to respond," *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 444 (W.D. Tex. 2013) (quoting *United States v. Students Challenging Reg. Agency Procs.*, 412 U.S. 669, 690 n.15 (1973)); *see also Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("[E]xtremely conclusory, confused, and unclear" pleadings are "subject to motions for more definite statement under [Rule] 12(e).").

"[A] motion for a more definite statement may not be used as a substitute for discovery." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 640 (S.D. Tex. 2001) (citing *Mitchell*, 269 F.2d at 132). "'When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted.'" *Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 3:05-CV-30-P, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (quoting *Brown v. Whitcraft*, No. 3:08-CV-186-D, 2008 WL 2066929, at *1 (N.D. Tex. May 15, 2008)).

## II. Analysis

The Court largely agrees with Defendant.[2] Plaintiff's Complaint is deficient.

*First*, Plaintiff fails to allege any specifics about the contracts that were allegedly breached. *See Philips v. Deutsche Bank Nat. Tr. Co.*, 2011 WL 482839, at *2 (W.D. Tex. Feb. 7, 2011) (noting that "[i]n claims for breach of contract, courts have granted motions for more definite statement where the plaintiff fails to identify specific provisions of specific contracts that were breached"). Plaintiff does not point to any provision of any contract that was allegedly breached.

---

[2] Defendant seeks to have Plaintiff plead some of his allegations "with specificity." This standard is improper under Rule 8, and so the Court does not require Plaintiff to do so. *See S. Bend Dev., Inc. v. Depositors Ins. Co.*, No. 5:16-CV-1246-DAE, 2017 WL 11638366, at *2 (W.D. Tex. Dec. 1, 2017) ("The pleading standard set out in Rule 8(a) is a liberal one; it does not require a plaintiff to plead with specificity the facts giving rise to his or her claim."). Plaintiff's damage calculation can also be obtained through discovery.

Nor does Plaintiff identify what "binding agreements" he refers to. A more definite statement is appropriate here.

*Second*, Plaintiff has not explained why he believes Defendant violated the UCC, what notifications or explanations were required for his ECOA claim, or what "Consumer Protection Laws" were violated. Plaintiff's allegations are vague and the Court cannot "make out one or more potentially viable legal theories," *Arnold v. BNSF Ry. Co.*, No. 18-CV-1931, 2019 WL 1493160, at *2 (N.D. Tex. Apr. 4, 2019) (quoting *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000)), a more definite statement is appropriate here. For similar reasons, Plaintiff's allegations about the notices he allegedly sent are insufficient. The Court cannot make out a "potentially viable legal theory," *id.*, without information about what the notices contained, to whom they were sent, or why Defendant's response was not "adequate."

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for More Definite Statement (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff, **WITHIN 14 DAYS OF THIS ORDER**, file an Amended Complaint that:

1. Attaches the notices or describes the notices Plaintiff allegedly provided to Defendant as alleged in his Complaint at ¶ 8. Plaintiff shall also:

    a) State where, how, or to whom he sent the alleged notices; and

    b) Describe how Defendant's responses were allegedly deficient;

2. Attaches the application for consumer credit or describes the application Plaintiff allegedly submitted to Defendant in his Complaint at ¶ 9. Plaintiff shall also:

    a) State where, how, or to whom he sent the alleged application for consumer credit;

    b) Describe the security collateral Plaintiff purportedly submitted to Defendant in his Complaint at ¶ 9; and

    c) Attach the notices or describe the notices Plaintiff purportedly submitted to Defendant in his Complaint as alleged in ¶¶ 11–12;

3. Provides notice as to which specific agreements were allegedly breached as alleged in Plaintiff's Complaint at ¶¶ 15–16;

4. Describes what notifications Plaintiff believes were required as alleged in ¶ 17;

5. Describes how Defendant allegedly failed to comply with the UCC and what collateral was allegedly pledged in Plaintiff's Complaint at ¶ 18; and

6. Describes which "Consumer Protection Laws" Defendant allegedly violated and the way the alleged violations occurred as alleged in Plaintiff's Complaint at ¶ 19.

It is so **ORDERED**.

**SIGNED** this 12th day of March, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE